NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0859n.06

No. 11-5212

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 07, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
                                    )
    Plaintiff-Appellee, )
                                    ) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR THE
                                    ) EASTERN DISTRICT OF KENTUCKY
JOHN LEE VANARSDALE, )
                                    )
    Defendant-Appellant. )

Before: CLAY and SUTTON, Circuit Judges; RICE, District Judge.[*]

SUTTON, Circuit Judge. A jury convicted John Lee VanArsdale of willfully making false statements on his tax returns. VanArsdale argues that the primary prosecution witness was a liar and that the government's other evidence does not suffice to convict him. Because juries, not judges, make witness-credibility determinations and because the evidence otherwise supports the conviction, we affirm.

I.

VanArsdale owned his own business, Savvage Technical Services. When VanArsdale started the company, his accountant told him that he needed to separate his business and personal expenses, because he could not deduct personal expenses on his tax returns. R. 66 at 88–93. Nevertheless, VanArsdale regularly paid for personal expenses from the company checking account and with the

---

[*]The Honorable Walter H. Rice, United States District Judge for the Southern District of Ohio, sitting by designation.

company's credit cards. *See, e.g.*, R. 63 at 175–76, PageID 336–37; *id.* at 121–22, PageID 283–84; R. 64 at 144–46. When VanArsdale's bookkeeper, Barbara Bunce, resisted his instructions to treat personal expenditures as business expenses, VanArsdale threatened to fire her. R. 65 at 34.

VanArsdale eventually followed through on the threat. After he fired Bunce, she told the IRS about the misrepresented expenses. R. 64 at 167–68. The IRS determined that VanArsdale had improperly deducted $273,540 from 2002 to 2005. R. 67 at 36. A grand jury indicted him on four counts of willfully filing false tax returns, *see* R.1; 26 U.S.C. § 7206(1), and a jury convicted him on all four after a seven-day trial.

## II.

When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, he faces a steep climb. We may overturn the jury's verdict only if, after "viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The essential elements of this offense were three: (1) VanArsdale willfully filed a tax return; (2) the return declared it was made under penalty of perjury; and (3) VanArsdale did not believe the return was "true and correct as to every material matter" when he filed it. 26 U.S.C. § 7206(1); *United States v. Tarwater*, 308 F.3d 494, 504 (6th Cir. 2002). VanArsdale challenges the government's proof on the final element.

Ample evidence showed that VanArsdale knew his tax returns understated his taxable income by overstating his business deductions. His bookkeeper, Bunce, testified that VanArsdale repeatedly told her to categorize personal expenses as business expenses because he wanted to pay fewer taxes.

R. 64 at 152–55. Another witness, Kyle Baber, testified that he rented space to VanArsdale for $200 a month, but VanArsdale paid him $1000 by company check each month and asked Baber to return the difference to him in cash. R. 63 at 47–48, PageID 208–09. When Baber told VanArsdale that an IRS agent had questioned him about the payments, VanArsdale told Baber he should say—untruthfully—he was returning the money to VanArsdale to pay off a debt. *Id.* at 50–51, PageID 211–12. VanArsdale lied to the IRS agent as well, telling her that payments to his wife were for "translating documents," R. 67 at 46, when they were actually for his portion of their shared living expenses, R. 64 at 90–107. This combination of evidence, showing he knew he improperly reported personal expenses as business deductions and tried to cover up the misdeed when the IRS began its investigation, suffices to support the verdict.

VanArsdale insists that this was all a mistake—that he trusted Bunce to categorize his expenses and did not realize she was doing it incorrectly. Br. at 21–22. The jury should not have believed her contrary testimony, he adds, because she was "an admitted liar" and lacked documentation. Br. at 18. But this is an argument for a jury, not a court of appeals. "In assessing the sufficiency of the evidence, we do not weigh the evidence, assess the credibility of the witnesses, or substitute our judgment for that of the jury." *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006). We instead draw all inferences, including inferences about credibility, in favor of the jury's verdict. *Id.* Because VanArsdale's argument turns on showing Bunce was not credible—an issue the jury resolved against him—it necessarily fails.

III.

For these reasons, we affirm.